89 F.3d 841
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Richard Lee CHRISTY, Appellant.
 No. 95-4165.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 26, 1996.
Filed May 7, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Lee Christy appeals the 181-month sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of a firearm. Christy challenges his enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), on the ground that his 1984 Iowa burglary conviction was not a qualifying violent felony under the "generic burglary" standard of Taylor v. United States, 495 U.S. 575 (1990).
 
 
 2
 At sentencing, the district court observed that the charging information for this offense stated that Christy had broken into "an occupied structure or other place where anything of value is kept, to wit: the Albia HyVee Food Store." If that store was "an occupied structure," the offense would constitute generic burglary. However, because the information also included the broader statutory language, "or other place," see Iowa Code § 713.1 (1981), the court asked defense counsel if the government should be required to produce additional factual information that would likely be found in Christy's state court guilty plea proceeding. Counsel conferred with Christy and responded that sentencing should proceed on the record as it then stood. The court then made a finding that this conviction was generic burglary and imposed the ACCA enhancement. In these circumstances, that finding is not clearly erroneous.
 
 
 3
 We also reject Christy's pro se argument that the district court erred in allowing the government to seek the ACCA enhancement. See United States v. Rush, 840 F.2d 574, 578 (8th Cir.) (en banc), cert. denied, 487 U.S. 1238. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa